**Rose G. JONES, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

No. 02–3114.

United States Court of Appeals, Federal Circuit.

DECIDED: July 12, 2002.

Before MAYER, Chief Judge, MICHEL and GAJARSA, Circuit Judges.

PER CURIAM.

Rose G. Jones petitions for review of the final decision of the Merit Systems Protection Board ("Board") affirming the agency's denial of her claim for death benefits based upon the service of her deceased spouse. *Jones v. Office of Pers. Mgmt.*, Docket No. CH–0841–01–0345–I–1, 90 M.S.P.R. 453 (October 12, 2001). Under the Federal Employees' Retirement System, the surviving spouse of a deceased federal civil servant is entitled to death benefits in the form of a lump sum payment or annuity beginning once the decedent has worked at least 18 months of civilian service. 5 U.S.C. § 8442(b)(1). It is undisputed that petitioner's spouse worked as a civil servant from January 17, 1998 until his death on July 15, 1999—17 months and 29 days—a period barely short of the 18 month threshold required by section 8442(b)(1). Petitioner argues that her husband actually worked the requisite period of time if one credits his four years of active duty in the Navy during the 1960s and his accrual of almost 200 hours

of sick leave as a civil servant. But creditable service under section 8442 is defined as in 5 U.S.C. § 8411 which, as the agency found and the Board affirmed, unfortunately does not provide for crediting service on active duty or accrued leave. Therefore, because the Board's decision is not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, *see* 5 U.S.C. § 7703(c)(1), we must *affirm*.